## Shute *v.* Robinson.

If part of a deposition is incompetent, it cannot be passed to the jury without consent; but if the deposition is handed to the jury with the knowledge and without the objection of the other party, and the court, at his request, suggest to the jury that they should not regard what has not been read, no exception can be taken afterward.

In an action of assumpsit for labor and services, the defendant claimed that the whole of the plaintiff's claim had been settled, by setting off against it the services of the defendant for him in certain divorce suits. The defendant was himself a witness, and testified in support of his own claim, and to a settlement between the parties. To contradict his testimony, and to disprove his claim, the plaintiff read in evidence, without objection as to its being only a part of the deposition, the answers given by the defendant to certain interrogatories, contained in a deposition given in one of those divorce suits; but the defendant objected to the reception of the deposition, or any part of it, as evidence, but without stating any particular ground of objection. The whole deposition, extracts from which had been read to the jury, was permitted to go to the jury with the knowledge and assent of the defendant's counsel. The court, however, afterward, upon the suggestion of the defendant's counsel, instructed the jury that they should examine, consider and regard only those parts of the deposition which had been read to them on the trial.

For these reasons the defendant moved to set aside the verdict, and for a new trial.

*Stevens,* and *Minot & Mugridge,* for the plaintiff.

*George, Foster & Sanborn,* for the defendant.

BELL, C. J. The deposition of the defendant was properly admitted in evidence, but it could not go to the jury without the defendant's assent. If any part of a deposition is incompetent, it cannot be passed to the jury. *Smith* v. *Nashua and Lowell Railroad*, 27 N. H. 100. If a single passage or extract is read to the jury, the residue relating to other matters foreign to the case on trial, the deposition cannot go to the jury without consent ; nor would it make any difference that the jury were instructed to consider and regard only those parts which had been read to them. But the case shows that the deposition here in question was permitted to go to the jury with the knowledge and assent of the defendant's counsel, and that it was on their suggestion that the court gave the instructions to them not to regard what had not been read. The defendant cannot object to what was done by his consent, and it cannot be assumed that the defendant did not know what was in his own deposition, whatever might have been the case with his counsel. If they were ignorant of it, it was not the plaintiff's fault.

*Judgment on the verdict.*